IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Linda Moore, in her capacity as Personal Representative of the ESTATE OF MELISSA M. LAMB, and in her capacity as guardian for JL, a minor; Amber Crawford and Brook Lamb, as Personal Representatives of the ESTATE OF JOEL E. LAMB, JR.; Christopher Todd Tilton, as parent and natural guardian of KT, a minor; Ken Moore and Bree Moore, as parents and natural guardians of AM, a minor; and Steven Walker and Crystal Walker, parents and natural guardians of AW, a minor,<br><br>Plaintiffs.<br><br>vs.<br><br>CLUB CAR, LLC and CURTIS INSTRUMENTS, INC.,<br><br>Defendants. | Civil Action No. 4:16-CV-00581-RBH<br><br><br><br><br><br>**CONSENT ORDER REGARDING ANY ADDITIONAL PRODUCTIONS BY DEFENDANT CURTIS INSTRUMENTS, INC.** |

**THIS MATTER** having been brought before the Court by application of counsel for Plaintiffs, Motley Rice LLC, and after Plaintiffs and Curtis, Instruments, Inc. (collectively, the "Parties") conferred in good faith, conferred with the Court, and thereafter conducted additional good faith conferences, now by consent of the Parties, as appears from the signatures of their respective counsel of record below;

**IT IS** on this 16th day of November 2018,

**STIPULATED AND ORDERED** as follows:

1.  This Consent Order is entered into to facilitate the production, exchange and discovery of documents and information in this action.

2. Defendant Curtis Instruments, Inc. ("Curtis") will provide additional unredacted copies of non-privileged information or documents in discovery requested by Plaintiffs under the express conditions set forth herein:

   a. Plaintiffs have agreed, in order to resolve the pending discovery disputes, that (1) the documents denoted in Plaintiffs' November 14, 2018 correspondence (a copy of which is attached hereto as Exhibit A) will be their last request to Curtis (a) to produce additional information or documentation withheld on relevance grounds and (b) to produce additional copies of documents produced by Curtis, to date, in new formats or without redactions; (2) Plaintiffs will not request that Curtis provide any additional documents addressed in Plaintiffs' discovery requests propounded to date; (3) Plaintiffs will not seek any further discovery (with the exception of possible depositions) addressed in Plaintiffs' discovery requests propounded to date. This agreement does not affect the rights of any party to serve written discovery on topics not previously addressed in the Parties' discovery requests propounded to date, subject to the operative Scheduling Order and the Federal Rules of Civil Procedure, or the obligation of any Party to provide supplemental discovery responses required under Fed. R. Civ. P 26(e).

   b. Curtis's agreement to produce these documents or information without redactions and/or in new formats neither constitutes an admission or concession that such information is relevant to this litigation or that Plaintiffs are entitled to such information nor does it waive Curtis's continued objection to the relevance of this information to the claims at issue in this action.

c. All documents or information produced by Curtis under this Consent Order is subject to the Confidentiality Order filed in this matter and a Certification by Counsel of Designation of Information as Confidential will be provided. The use of such information or documents by any Party (including Club Car, LLC) outside of this litigation will be deemed a violation of the Confidentiality Order entered into by Curtis, Plaintiffs, and Club Car, LLC, and Curtis reserves the right to pursue all rights and remedies available to it for the improper or prohibited use of any such information or documents.

d. Curtis will not produce unredacted copies of documents requested that contain redactions based on attorney-client or work-product privilege (*see e.g.*, Plaintiffs' request for Curtis Emails 55778 in Exhibit A, which Curtis identified on its updated Privilege Log enclosed with its November 7, 2018 production (a copy of which is attached hereto as Exhibit B)).

3. With respect to electronically stored information ("ESI") provided by Curtis in response to Plaintiffs' requests in Exhibit A:

   a. Curtis agrees to produce unredacted copies of the documents responsive to Plaintiffs' November 14, 2018 requests set forth in Exhibit A, to the extent same exists.

   b. Curtis agrees to produce new copies of those 79 documents identified by Plaintiffs as "black box" items, in section 1(c) of their November 14, 2018 email attached as Exhibit A, should those documents actually contain "black boxes."

   c. Curtis has already produced the majority of the documents identified as "black box" items in category (1) of its November 14, 2018 requests set forth in Exhibit A (specifically those items/documents identified in categories (1)(A) and (1)(B), which

were contained in Curtis's November 7, 2018 production) and, therefore, has no obligation to reproduce this information again.

    d. Curtis will produce the documents requested in a load file prepared pursuant to the parameters, terms and metadata field requirements Plaintiffs set forth in its initial document request for electronically stored information and the terms and fields set forth in email correspondence and an attachment from Plaintiffs' counsel on August 23, 2018 (a copy of which is attached hereto as Exhibit C).

    e. Curtis will not entertain any additional requests to produce documents in new formats or otherwise as any legibility or formatting issues resulted from Plaintiffs' request for the production of documents in tiff files and the conversion process related to Curtis's compliance with that request.

4. The terms of this Consent Order are without prejudice to all Parties' rights to raise objections to other scheduling or discovery issues, but the redaction issue raised by Plaintiffs with respect to redactions within information and documents produced by Curtis has been addressed and resolved through this Consent Order. The Court will not entertain additional requests by Plaintiffs, formal or otherwise, regarding requests for additional documents produced by Curtis containing redactions as the Court directed the Parties that production of only a limited number of documents without redaction is the appropriate and proportional solution to the Parties' dispute.

November 16, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Pursuant to Local Civil Rule 83.I.08, this order is being sent to local counsel only.

**WE CONSENT:**

By: s/ Kevin R. Dean
Kevin R. Dean
*Federal Bar No. 8046*
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
(843) 216-9000
*ATTORNEY FOR PLAINTIFFS*

By: s/ Suzanne C. Ulmer (*w/ express permission*)
Suzanne C. Ulmer
*Federal Bar No. 10522*
KERNODLE COLEMAN
P. O. Box 13897
Charleston, SC 29422-3897
(843) 795-780
sulmer@kernodlelaw.com
*ATTORNEY FOR DEFENDANT CURTIS INSTRUMENTS, INC.*

By: s/ Robert H. Hood, Jr. (*w/ express permission*)
Robert H. Hood, Jr.
Hood Law Firm, LLC
172 Meeting St.
Charleston, SC 29401
Bobbyjr.hood@hoodlaw.com
*ATTORNEY FOR CLUB CAR, LLC*

Dated: 11/15/2018